# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

CAMERON LENNELL WOOTEN                                              PLAINTIFF

v.                                                          No. 4:18CV134-JMV

SUPERINTENDENT MARSHALL TURNER, ET AL.                             DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Cameron Lennell Wooten, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff has consented to Magistrate Judge jurisdiction in this case under 18 U.S.C. § 636(c).

The plaintiff alleges that the defendants violated his right to due process during prosecution of a Rule Violation Report, for which he was punished by 18 months' loss of all privileges and placement in long-term segregation. The court conducted a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985) on September 25, 2018, to determine whether the plaintiff's allegations state a claim under the Constitution or laws of the United States. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

## Factual Allegations

The plaintiff sets forth two distinct, but related due process allegations: (1) that he was found guilty of a rule violation ; and (2) that he was placed in long-term segregation without meaningful

periodic review to determine his eligibility to be placed in less restrictive housing. The court will discuss both allegations below.

### Guilty Finding on the Rule Violation

On November 7, 2017, at the Mississippi State Penitentiary, Cameron Wooten threw water in Commander Leather Williams' face. She issued a Rule Violation Report, charging him with a C-8 violation, for assaultive action where serious physical injury occurred. He was found guilty of the infraction, and he objects because he does not believe that Commander Williams suffered serious physical injury from the incident. Thus, he argues, his actions did not meet all elements of the Rule Violation (C-8). As a result of the infraction, he lost all privileges for 18 months and was placed in the Long-term Segregation program, which lasts for a minimum of one year.

### Lack of Meaningful Periodic Review

Mr. Wooten initially believed that he was not being reviewed periodically to see if he may be removed from segregation, and he filed a grievance to that effect. In response to that grievance, Case Manager Fipps pointed out that, in Wooten's situation, his Case Manager *is* his classification officer, so every time he meets with her, his classification is being reviewed. According to Ms. Fipps, Wooten meets with her "every time [his] incarceration program has been changed to a new status in segregation and whenever [his] one on one sessions are conducted." He began the program in April 2018, and if he successfully completes it, he may be reclassified for less restrictive housing in April 2019. If he incurs any Rule Violation Reports during his stay in long-term segregation, however, his stay there may be extended. Mr. Wooten complains that, so far, his meetings with his Classification Officer (which occur monthly) have been perfunctory, consisting only of stating his name into a recorder. His current Case Manager is Ms. January at the Wilkinson County Correctional Facility. Mr. Wooten has filed a grievance regarding his placement in segregation, and it was denied.

## Due Process in the Prison Context

Mr. Wooten claims that the defendants denied him due process by processing the Rule Violation Report as one more serious than his actions would support and by failing to provide meaningful review of his current custody status to determine his eligibility for less restrictive housing. As discussed below, neither of these allegations states a constitutional question.

Under the ruling in *Sandin v. Conner*, 515 U.S. 472 (1995), the plaintiff has not set forth a valid claim for violation of the Due Process Clause or any other constitutional protection. Though

> [s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause, . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id.* 115 S. Ct. at 2300 (citations omitted). In *Sandin*, the discipline administered the prisoner was confinement in isolation. The court found that this discipline fell "within the expected parameters of the sentence imposed by a court of law," and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*. at 2301 and 2300. Therefore, neither the Due Process Clause itself nor State law or regulations gave rise to a liberty interest providing these constitutional procedural protections afforded prisoners:

(1) Advanced written notice of the claimed violation;
(2) A written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken;
(3) The ability to call witnesses (which can be limited at the discretion of prison officials for security and other reasons);
(4) The ability to present documentary evidence.

*Wolff v. McDonnell*, 418 U.S. 539, 563-567 (1974); s*ee also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In the present case, the plaintiff's punishment for the water-throwing rule infraction was 18 months' loss of all privileges and placement in the Long-term Segregation program. That program required inmates to remain in segregation for a minimum of one year – upon good behavior. Once placed in segregation, Mr. Wooten has had monthly reviews of his classification, but they are perfunctory in nature because of the minimum requirement of a one-year stay. In other words, he is not yet eligible for placement in less restrictive custody, but he nonetheless receives periodic reviews.

Both the loss of privileges and placement in segregation clearly fall "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "[do] not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*. As such, the plaintiff's allegations regarding violation of his right to due process are without merit, and they will be dismissed for failure to state a claim upon which relief could be granted.

**Conclusion**

For the reasons set forth above, the instant case will be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 17th day of October, 2018.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE